## K. P. JONES, JR., v. STATE.

No. 25191. March 21, 1951.
Rehearing Denied April 18, 1951.

Hon. Jeff Dean, Judge Presiding.

*Scarborough, Yates, Scarborough & Black,* by *Larry Scarborough,* Abilene, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is the unlawful transportation of whiskey in a dry area; the punishment, a fine of $500 and 30 days in jail.

Bill of Exception No. 1 complains of the court's refusal to grant appellant's motion for instructed verdict because of the insufficiency of the evidence.

An examination of the record discloses the following facts:

Two agents of the Liquor Control Board sighted appellant whom they knew and his wife driving through the town of Bronte in Coke County and followed them. They drove up beside appellant's car and sounded the siren. Instead of pulling over to the side of the road, appellant speeded up, ran a stop light, and continued his flight. Each time they tried to pass him appellant would pull over to the left of the highway preventing all efforts of the officers to pass him, and the chase continued for several miles. During the course of the race, appellant's wife, according to the officers, poked 4/5 quart bottles of whiskey out of the car and pitched them in the air. This continued until at least a case of whiskey had been so disposed of. The officers' automobile motor "burned up," and the chase was abandoned. Retracing their course, the officers stopped and picked up from the highway fragments and necks of several bottles. The revenue stamps had not been broken and the labels, "Hill & Hill Whiskey, 90 Proof," were in place. The bottom of what appeared to be a quart bottle was recovered and the officer stuck his finger in the liquid remaining therein, tasted the same, and testified that it was whiskey. The jury was permitted to examine these bottle fragments. Each of the officers testified that they smelled whiskey either during the race or while collecting the bottle fragments.

A warrant was secured and appellant was arrested in Abilene several days later. The dry status of Coke County was stipulated.

The bill shows no erroneous action on the part of the court.

Bill of Exception No. 2 complains of the court's submission to the jury of the charge requested by the state as well as the charge requested by the appellant. The court signed both charges and submitted them to the jury. Any defect in this procedure was waived when the appellant "waived the rewriting of the charge and agreed that the charge would be read by the presiding judge to the jury." This is a recitation in the bill and appellant having accepted the bill is bound thereby. This cures any complaint to the form of the charge as given.

The bill contains an allegation that when the court began to read appellant's requested charge to the jury he identified it as being the charge requested by appellant, to which appellant objected because it was given as a submission of his defense rather than as a charge of the court. If the waiver men-

tioned above does not nullify this complaint then the bill is deficient because it contains only an allegation of appellant, not verified by the court. The latter is required for a valid bill. See Tex. Dig., Vol. 13, Crim. Law, key 1092 (14).

Bill of Exception No. 3 complains of the testimony of the witnesses Hubbard and Brumfield on the grounds that they expressed a conclusion. The bill is multifarious in that it complains of the testimony of two witnesses in the same bill and cannot be considered.

No reversible error appearing, the judgment of the trial court is affirmed.

### ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that we erred in holding the facts sufficient to support the conviction. This insistence centers around the general proposition that appellant was not at any time found in the actual possession of or transporting whisky, but that the conclusion of his guilt as a transporter of the whisky was based solely upon the circumstance accompanying the throwing of bottles from his automobile, which bottles, the officers testified, contained whisky.

We have again reviewed the facts and remain convinced that the facts are sufficient to sustain the conviction. Appellant's acts and conduct in fleeing from the officers was a circumstance suggesting guilty knowledge, which the jury was authorized to consider in connection with all the other facts.

It is true that the trial court accepted and read to the jury the charge as requested by the state and also that requested by the defendant, yet he signed each of the charges, thereby making them his charge. It must be remembered that in the trial of a misdemeanor case in a county court, as here, the trial court is under the burden of giving a charge to the jury only when requested.

Believing that a correct conclusion was reached originally, appellant's motion for rehearing is overruled.

Opinion approved by the court.